UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

PRA FINANCIAL SERVICES, LLC,
as an assignee of PRA Location Services,

    Plaintiff,

v.                                          CIVIL ACTION NO. 2:17cv392

AUTOTRAKK, LLC,

    Defendant.

## MEMORANDUM ORDER

This memorandum order addresses Plaintiff PRA Financial Services, LLC's ("Plaintiff") request for attorneys' fees and costs related to preparing and arguing a Motion to Compel (ECF No. 34). For the reasons stated on the record, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, this court granted the Plaintiff's Motion to Compel after a hearing on February 16, 2018, ordering Defendant AutoTrakk, LLC ("Defendant") to respond to outstanding discovery by February 21, 2018. (ECF No. 33). The court observed that the Defendant had missed extended deadlines to produce material, and despite promising responsive material in its reply brief on the motion, had still failed to produce any documents as of the hearing date. Accordingly, Defendant's failure to timely produce documents was not substantially justified and Plaintiff was prejudiced as a result. Plaintiff thereafter filed a Memorandum in Support of its Petition for Attorneys' Fees detailing the costs and fees associated with filing and drafting the Motion to Compel. (ECF No. 35). Defendant submitted its response on March 8, 2018. (ECF No. 38). This court, after reviewing the parties' briefing and exhibits, for the reasons set forth below, concludes that Plaintiffs are entitled to attorneys' fees and costs of $6,050.00.

1

## LEGAL STANDARD

Federal Rule of Civil Procedure 37(a) governs the payment of attorney's fees and expenses in discovery disputes. Specifically, Rule 37(a)(5)(A) provides that, if the court grants a motion to compel discovery, "the court *must* . . . require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). The award of expenses is mandatory unless one of Rule 37(a)(5)(A)'s three enumerated exceptions applies: "(1) the movant filed a motion to compel prior to attempting in good faith to obtain the discovery without court intervention; (2) the nondisclosure or objection was substantially justified; or (3) other circumstances make an award of expenses unjust." Id.

An award of expenses under Rule 37(a)(5)(A) must be reasonable. Id. The court evaluates the reasonableness of attorney's fees by first determining the "lodestar" figure, which is defined as "a reasonable hourly rate multiplied by hours reasonably expended." Grissom v. Mills Corp., 549 F.3d 313, 320-21 (4th Cir. 2008). In determining what constitutes a reasonable billing rate and number of hours, the Fourth Circuit has directed courts to consider twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243-44 (4th Cir. 2009).[1] The lodestar method generates a presumptively reasonable fee. Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 564 (1986). It is within the court's discretion, however, upon consideration of the lodestar factors, to adjust the lodestar figure up or down. Lyle v. Food Lion, Inc., 954 F.2d 984 (4th Cir. 1992). When requesting attorneys' fees, "[t]he moving party has the burden of 'establishing the reasonableness of the requested amount both by showing the reasonableness of the rate claimed and the number of hours spent.'" Rutherford Controls Int'l Corp. v. Alarm Controls Corp., No. 3:08cv369, 2009 WL 4015357 2009, at *2 (E.D. Va. Nov. 17, 2009) (citations omitted).

## DISCUSSION

**A. An award of attorney's fees is proper because Federal Rule of Civil Procedure 37(a)(5)(A) is satisfied.**

Before filing its Motion to Compel, Plaintiff made a good faith effort to obtain requested discovery materials from the Defendant. At the February hearing, Defendant primarily argued that the good faith standard had not been met because the Plaintiff did not specifically state it intended to file a motion to compel in its letter requesting the overdue discovery. But, as Plaintiff's counsel argued, this was only one in a series of efforts to obtain compliance.

The original Motion to Compel documented four written exchanges prior to filing. (ECF No. 27 at 3). The Defendant either ignored the communication or promised a response shortly. In addition, Plaintiff's counsel stated that he had attempted to reach opposing counsel by phone but without any return call. The final correspondence before the motion, on December 22, 2017, advised that responses were then over a month past the already-extended deadline, and warned that Plaintiff would "seek assistance from the court" if answers were not forthcoming.

---

[1] The factors are sometimes called the "Johnson factors," first established in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir.1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989).

3

Moreover, the Defendant never indicated that it did not intend to comply, rather repeatedly promising – even during briefing on the motion – that responses were forthcoming. (ECF No. 26 at 3) ("Defendant . . . is prepared to provide full and complete responses to Plaintiff's discovery on or before January 31, 2018."). Yet on the date of the hearing, February 16, 2018, more than two weeks after the latest promised date of compliance, Defendant had still produced no documents in response to discovery originally due November 9, 2017. Plaintiff's efforts to resolve the case before turning to the court for relief were more than sufficient. This court, therefore, concludes that Plaintiff did make a good faith effort to resolve the dispute before filing the Motion to Compel.

Federal Rule of Civil Procedure 37(a)(5)(A)(ii) prohibits courts from imposing attorney's fees on a party who failed to comply with discovery procedure if its nondisclosure was "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). "A party satisfies the 'substantially justified' standard 'if there is a genuine dispute as to proper resolution or if a reasonable person could think that the failure to produce discovery is correct, that is, if it has a reasonable basis in law and fact." Sky Cable, LLC v. Coley, No. 5:11CV00048, 2015 U.S. Dist. LEXIS 106393, at *8 (W.D. Va. Aug. 12, 2015). Here, Defendant failed to comply with its obligation to timely respond to Plaintiff's discovery requests, and there is no "genuine dispute" which justifies the noncompliance. The Defendant did not object to Plaintiff's discovery or state that it was withholding documents because of its objections as required by Federal Rule of Civil Procedure 34 and Local Rule 26(c). Id. It simply did not produce any documents.

At the hearing, counsel argued that there were intra-corporate issues related to which AutoTrakk entity controlled the documents Plaintiff sought, but these were addressed in part during earlier proceedings. And counsel never expressed such concerns to explain the earlier

4

missed deadlines. In short, Defendant has offered no substantial justification for its failure to comply with discovery, months after the original deadline. See Sky Cable, LLC, 2015 U.S. Dist. LEXIS 106393, at *8.

In its current briefing, the Defendant contends that an award of attorney's fees should be denied under Rule 37(a)(5)(A)(iii) because the circumstances make such an award unjust. It observes that the Plaintiff also produced documents after their due date and argues that the parties were "in pari delicto regarding their discovery obligations to one another." (ECF No. 38 at 2). If the parties were equally culpable that might well be a circumstance which would permit the court to avoid imposition of the fees mandated by Rule 37(a)(5). In this case, however, the parties are not equally at fault. Primarily, this is because the Defendant has obtained discovery without need for court intervention. The Defendant filed no motion to compel, nor does it appear any filing had to be threatened. The Plaintiff's interrogatory responses – timely served – were accompanied by an agreement to produce documents. Although the documents themselves were not produced until after the due date, the Defendant has not identified any history of Plaintiff's refusing multiple requests to produce them.

By contrast Defendant had nearly three months to comply with discovery before Plaintiff finally filed its Motion to Compel. And the filing came only after repeated demands for the material had been ignored, and promised production dates passed. As the party with the burden of proof, Plaintiff's fact discovery cutoff was earlier than Defendant's, expiring on March 5. Even with the relief obtained by the Motion, the Defendant received over 15,000 documents in late February, and were it not for an extension of the discovery cutoff obtained by the motion, would have been unable to timely complete fact discovery. In light of the above, the court does

5

not find circumstances rendering an award of fees unjust, and that Plaintiff is entitled to reasonable attorney's fees.

Although the court looks to all the lodestar factors, in connection with a discovery motion under Federal Rule of Civil Procedure 37, the first, second, third, fifth, ninth and twelfth factors are the most relevant. See Flame S.A. v. Industrial Carriers, Inc., No. 2:13cv658, 2014 WL 4809842 at *4 (E.D. Va. 2014). The court must consider the lodestar factors, but need not examine each one in exacting detail. Stewart v. VCU Health System Authority, No. 3:09CV738–HEH, 2012 WL 1120755 at *2 (E.D. Va. 2012). The amount of attorney fees ultimately rests within "the sound discretion of the [court], who is in the best position to determine whether, ... [and to what extent], they should be awarded." Guidry v. Clare, 442 F.Supp.2d 282, 295 (E.D. Va. 2006) (citations omitted).

In support of its request, Plaintiff submitted an itemized statement of fees and two affidavits, indicating that three attorneys spent 22.4 hours of billable time drafting, preparing for, or attending telephonic hearings on, its Motion to Compel. (ECF No. 35-1 to 35-3). The work performed is detailed in time entries, alongside the attorney who performed the work and the rates at which they billed. Id. Accounting for the type of motion and the complexity issues, the court finds the amount of time expended was slightly more than the court finds reasonable, and the novelty of the issues and skill required does not justify reimbursement at some of the rates requested.

The discovery motions in this case were not complex. The Defendant did not resist discovery on the basis of any claim of privilege or complicated issue associated with the case. Defendant simply did not respond. As a result, briefing and arguing the motions should not have required extensive time from senior attorneys. Defendant had a duty to comply with document

production and it did not. Each of the attorneys involved was a competent and skilled lawyer. While that fact may support a higher than average hourly rate, it also suggests that any of the lawyers involved in this case is more than capable of handling a Motion to Compel.[2]

The hearing on the Motion to Compel was a telephone conference and required no travel time. (ECF No. 32). The associate who completed most of the drafting on the Motion to Compel was not assigned to argue the motion, resulting in some duplication of effort. (ECF No. 35-2 at 1-2). Although the submitted bill did not request payment for all the time apparently incurred, the modest self-imposed reductions still do not account for all the inefficiency in this model of staffing.

As to the fifth factor, Plaintiff submitted an affidavit from Plaintiff's counsel, attesting to factors used to set counsel's hourly fees, Seabolt Decl. (ECF No. 35-4), and an affidavit from lead counsel attesting to their reasonableness. Piepgrass Decl. (ECF No. 35-1). The itemized invoice detailed billing rates between $350.00 and $530.00 per hour for attorneys. (ECF No. 35-2 at 3). The court may consider affidavits of local lawyers familiar with the skills of the fee applicants and the legal work in the relevant legal community. Robinson, 560 F.3d at 244. The court may also consider affidavits testifying to the applicants' own rates, skill, and experience. Id. (citing Plyler v. Evatt, 902 F.2d 273, 278 (4th Cir. 1990)). The court may also "set a reasonable hourly rate based upon its own knowledge and experience." Flame S.A. v. Industrial Carriers, Inc., No. 2:13cv658, 2014 WL 7185199 at *14 (E.D. Va. 2014) (citing Rehab. Ass'n of Va., Inc. v. Metcalf, 8 F.Supp.2d 520, 528 (E.D.Va.1998)) (determining that, for a similar discovery motion, hourly rates of $520 for a partner, $320-380 for various associates, and $125 for a paralegal were reasonable).

---

[2] The associate who expended the most drafting time on the Motion to Compel was a former law clerk for a Magistrate Judge in this District. It is reasonable to conclude that he was fully capable of handling a telephonic hearing on a routine discovery motion.

7

Based on the foregoing, considering the lodestar factors, both parties' briefs, the affidavits, billing records, and the court's own knowledge, the court FINDS that an hourly rate of $500 for a partner and $350 for an associate are reasonable hourly rates. The court also FINDS that most of the hours expended drafting and arguing the Motion to Compel in this case were reasonable, except that only minor supervision by senior attorneys was warranted and nearly all of the drafting and preparation for argument could have been accomplished at associate rates.

The court will approve sixteen (16) hours of attorney time; thirteen (13) hours at the associate rate of $350.00 and three (3) hours at the partner rate of $500.00, for a total fee of $6,050.00. Finding that figure reasonable in light of the nature of the dispute, the relief obtained, and all of the lodestar factors, the court need not adjust it further.

## CONCLUSION

For the forgoing reasons, Plaintiff's Motion for Attorney's Fees (ECF No. 34) is GRANTED, and the court awards Plaintiff fees in the amount of $6,050.00.

IT IS SO ORDERED.

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

March 26, 2018